IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 3:10-mj-29 |
| vs. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Dustin Feather, | ) | |
| | ) | |
| Defendant. | ) | |

On December 15, 2008, Dustin Feather ("Feather") was sentenced in the United States District Court in South Dakota to a term of probation for a period of three years for possession with intent to distribute a controlled substance and aiding and abetting in violation of 21 U.S.C. §§ 841(a)(1) and 2. Feather's probation was transferred to the District of North Dakota on February 27, 2009.

On February 10, 2010, Feather's probation officer presented a Petition for Warrant or Summons for Offender under Supervision, alleging Feather violated the conditions of his supervision in the following manner:

> The defendant has failed to report for weekly drug testing as directed by a letter from this officer.
>
> The defendant has been using alcohol as verified by the Devils Lake Police Department report on November 30, 2009.
>
> The defendant's last employer reported he was terminated for no show no call in August of 2009. The defendant failed to notify this officer about his unemployment.

(Doc. #2). The court issued a warrant for Feather's arrest. (Doc. #3). Feather was arrested on October 15, 2011. (Doc. #16).

Feather appeared before the undersigned magistrate judge on October 17, 2011 for an initial appearance. He was ordered temporarily detained pending a detention hearing. The matter was referred to the magistrate judge by Chief Judge Ralph R. Erickson for the preparation of a report and recommendation. A violation hearing and a detention hearing were conducted on October 28, 2011. Janice Morley, Assistant United States Attorney, appeared on behalf of the government, along with Paul Skurdall, Feather's probation officer. Christopher Lancaster, Assistant Federal Public Defender, appeared on behalf of the defendant. The defendant consented to the magistrate judge conducting the hearing and making a recommendation for disposition.

At the hearing, Feather admitted the allegations contained in the petition. The magistrate judge finds his admissions were voluntary and knowingly made, and they have a basis in fact. Accordingly, the magistrate judge **RECOMMENDS** a finding that violations of special conditions #1, #2, and #3 have occurred.

Feather's violations of the special conditions constitute Grade C violations. See USSG § 7B1.1(a). For a Grade C violation, the court may revoke probation, extend the term of probation, and/or modify the conditions of probation. Feather was originally sentenced with a criminal history of category I. Under USSG § 7B1.4 the range of imprisonment for a Grade C violation for a defendant with a criminal history of I is three to nine months.

The parties agreed to the modification of Feather's probation as follows:

(1) Defendant shall reside at Centre, Inc. for a period of six months once a placement becomes available, and shall participate in the facility's programs and abide by its rules and regulations.

(2) Defendant's probation shall be extended until August 16, 2013.[1]

(3) Defendant shall undergo a substance abuse evaluation and comply with resulting counseling or treatment recommendations.

(4) Defendant shall maintain or actively seek employment.

(5) Defendant shall comply with all other terms of his federal probation and those terms shall be extended until August 16, 2013.

The magistrate judge finds the agreed upon modification appropriate and therefore **RECOMMENDS** Feather's probation be modified consistent with the parties' agreement. Feather exercised his right of allocution at the violation hearing and apologized for his probation violations. It is noted that a detention hearing was held following the violation hearing and the magistrate judge ordered that Feather be temporarily detained pending notification that a placement at Centre, Inc. has become available.

Both parties have waived their right to object to this recommendation. An order may be entered on the report and recommendation immediately.

Dated this 31st day of October, 2011.

> /s/ Karen K. Klein
> Karen K. Klein
> United States Magistrate Judge

---

[1] In the Probation Violation Report the United States Probation Officer stated that defendant's period of probation began on December 8, 2008 and would have expired on December 7, 2011. (Doc. #18, p. 4). However, the court notes that according to the judgment, Feather's probation began on December 15, 2011 and would have expired on December 14, 2011. (Doc. #1-2). The United States Probation Officer calculated the defendant's absence from supervision to be 611 days. The parties agreed to toll defendant's probation for the time he was absent. The new end date of his probation was calculated to be August 16, 2013. At the violation hearing the Assistant United States Attorney noted that even though the defendant was unsupervised for almost two years, the defendant committed no further violations of the law during that time.